UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

PLEXUS CORP.

        Plaintiff,

v.

        Case No.

LUX IMAGING SYSTEMS, LLC

        Defendant.

## COMPLAINT

Plaintiff, Plexus Corp., by its attorneys, Boyle Fredrickson, S.C. for its Complaint against Defendant, Lux Imaging Systems, LLC, hereby alleges as follows:

### Parties

1. Plaintiff, Plexus Corp., is a Wisconsin corporation with a principal place of business at One Plexus Way, Neenah, Wisconsin 54956.

2. Among other things, Plaintiff is engaged in the design and manufacture of electronic medical devices.

3. On information and belief, Defendant, Lux Imaging Systems, LLC, is a Texas Corporation with a principal place of business 885 E. Collins, Suite 110, Richardson, Texas 75081.

### Nature of the Action

4. This is an action for trademark infringement, passing off, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. and the common law of the State of Wisconsin.

{00481677.DOC /}

The action arises from Defendant's use of the term "PLEXUS" to identify Defendant as the source of professional services for certain medical devices in violation of Plaintiff's rights under its federally registered "PLEXUS" marks.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction is based on Wis. Stat. §§ 801.05(1) and (3).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

**Background of the Controversy**

8. Plaintiff is in the business of, among other things, designing, including software design, manufacturing and selling electronic medical imaging devices and their components to customers throughout the country, including the State of Wisconsin.

9. Plaintiff has used the distinctive mark, PLEXUS, since at least as early as 1989 to identify and distinguish the services it provides to customers from services provided by others.

10. Plaintiff uses the PLEXUS mark in advertising in the United States by, among other things, advertising at trade shows and using it on its web site and in brochures. As a result of these and other advertising and promotional activities using the PLEXUS mark, the PLEXUS mark has come to signify source of engineering and manufacturing services for medical devices, such as MRI assemblies.

11. Plaintiff is the owner of several "PLEXUS" federal registrations, including Federal trademark Reg. Nos. 2,394,536; 2,394,545; and 3,867,130 for the PLEXUS mark for, e.g., the manufacture of electronic products for use in the computer, medical, industrial, and

telecommunications industries, to the order and/or specification of others. Notably, the 2,394,536, 2,394,545 registrations are incontestable under 15 U.S.C. §1065.

12. Beginning at least as early as 1989, Plaintiff designed, manufactured and sold, and continues to design, manufacture and sell, medical imaging devices and their components, such as MRI assemblies. The advertising and promotion of Plaintiff's "PLEXUS" marks and the provision of its services throughout the United States under the "PLEXUS" marks reaches consumers in the same trade areas as those now being served by Defendant.

13. Defendant, upon information and belief, has begun offering professional services, notably software design for MRI machines, under the PLEXUS mark. *See* photo below.



Defendant's use of the infringing mark in the manner described above, in this District and

throughout the United States, is intended to and is likely to cause confusion in the marketplace in that actual and prospective customers are likely to believe that Defendant's services are associated with, connected to, approved or endorsed by Plaintiff.

14. On information and belief, Defendant was aware of Plaintiff's "PLEXUS" marks and Plaintiff's use of the marks in connection with medical devices and chose to use the PLEXUS name in an effort to induce Plaintiff's customers into engage Defendant and to associate Plaintiff's goodwill to Defendant.

15. Defendant's actions constitute deliberate attempts to trade on Plaintiff's goodwill and/or pass itself off as Plaintiff.

16. By reason of Defendant's conduct, Plaintiff has and will continue to suffer damage to its business, reputation, and goodwill, as well as the loss of sales and profits it would have made but for the action of Defendant. Unless restrained and enjoined, Defendant will continue to do the acts complained of herein, all to Plaintiff's irreparable harm. Plaintiff's remedy at law is not adequate to compensate it for the injuries Plaintiff has incurred and will incur.

## Causes of Action

### Count I: Federal Trademark Infringement under 15 U.S.C. § 1114

17. Plaintiff incorporates paragraphs 1 through 16 as if set forth fully herein and asserts that Defendant is liable to Plaintiff for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114.

18. Upon information and belief, Defendant has knowingly and willfully infringed Plaintiff's registered "PLEXUS" marks with an intent to deceive the consuming public by using, without permission or authority, in commerce, a confusingly similar mark in connection with the design, sale, offering for sale, distribution, and advertising of medical imaging devices. Such use

is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services.

19. Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the deception and confusion associated with Defendant's use of an infringing mark.

20. The aforementioned acts relating to the use of Defendant's infringing mark were and are willful and intentional and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

21. Defendant's activities are in violation of 15 U.S.C. § 1114.

22. Plaintiff has no adequate remedy at law and is entitled to a preliminary and a permanent injunction enjoining the Defendant from further violation of Plaintiff's trademark rights.

### Count II: Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act

23. Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein and asserts that Defendant is liable to Plaintiff for unfair competition, passing off, and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Plaintiff has used the "PLEXUS" marks in the United States since at least as early as 1989 to identify its services in extensive advertising and promotional activities. Plaintiff has expended significant sums of money and organizational resources to build recognition of its "PLEXUS" marks. The "PLEXUS" marks have come to represent the high quality design and manufacturing services provided by Plaintiff.

25. Defendant is now impermissibly using PLEXUS to trade on and benefit from the goodwill that Plaintiff has established in Plaintiff's "PLEXUS" marks.

26. Defendant's use of the infringing mark constitutes a false designation of origin as to services provided by Defendant and is a false and misleading representation in violation of § 43(a) of the Lanham Act.

27. Defendant's use of the infringing mark constitutes passing off and unfair competition with respect to the services provided by Defendant and is a false and misleading representation in violation of § 43(a) of the Lanham Act.

28. Defendant's false designation of origin, passing off, and unfair competition are likely to cause confusion, cause a mistake and to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff as to the origin, sponsorship or approval of Defendant's services by Plaintiff.

29. Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the actual and likely deception and confusion associated with Defendant's use of the infringing mark.

30. Upon information and belief, the aforementioned acts relating to the Defendant's use of the infringing mark are willful and intentional and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

31. Defendant's use of the infringing mark constitutes a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for which Plaintiff has no adequate remedy at law and for which Plaintiff is entitled to a permanent injunction enjoining the Defendant from further violation of Plaintiff's rights.

## Count III: Violation of Wis. Stat. § 100.18

32. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein and asserts that Defendant is liable to Plaintiff for violation of Wis. Stat. § 100.18.

33. Defendant uses PLEXUS while selling services related to electronic medical devices, such as MRI machines.

34. Defendant's use of PLEXUS is untrue, deceptive and misleading as it is likely to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff as to the origin, sponsorship or approval of Defendant's services by Plaintiff.

35. Upon information and belief, Defendant's use of PLEXUS has caused and will continue to cause pecuniary loss to Plaintiff.

36. Plaintiff has suffered harm as a result of the untrue, deceptive, or misleading use of PLEXUS by Defendant in violation of Wis. Stat. § 100.18

### Count IV: Unfair Competition under Wisconsin Common Law

37. Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein and asserts that Defendant is liable to Plaintiff for unfair competition and passing off under Wisconsin common law.

38. Upon information and belief, Defendant has knowingly and willfully infringed Plaintiff's "PLEXUS" marks with intent to deceive the consuming public by using, without permission or authority, in commerce, a confusingly similar mark in connection with the sale, offering for sale, distribution, and advertising of Defendant's services. Such use is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services.

39. Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the deception and confusion associated with Defendant's use of Defendant's infringing mark.

40. The aforementioned acts relating to the use of the Defendant's infringing mark were and are willful and intentional and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

41. Defendant's activities are in violation of the common law of the State of Wisconsin.

42. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction enjoining the Defendant from further violation of Plaintiff's trademark rights.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendant has infringed Plaintiff's registered "PLEXUS" marks in violation of 15 U.S.C. § 1114 and the common law;

2. That Defendant has unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125(a);

3. That Defendant has falsely designated the origin of its services and/or illegally passed off itself in violation of 15 U.S.C. § 1125(a);

4. That Defendant has violated Wis. Stat. § 100.18;

5. That Defendant has unfairly competed with Plaintiff under the Wisconsin common law; and

6. That the Court grant a permanent injunction enjoining and restraining Defendant, its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with Defendant and each and all of them from directly or indirectly using "PLEXUS" or any other mark, word or name which is likely to cause confusion, mistake, or deceive the public as follows:

(a) Using PLEXUS or any other name or mark confusingly similar thereto alone or in combination with other words, names, styles, titles or marks in connection with medical devices;

(b) Holding itself out as the owner of, or otherwise authorized to use "PLEXUS" in connection with advertising, promotion, sale, or offering for sale of electronic medical devices or services related to medical devices;

(c) Performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause a mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or in some way connected, or that Plaintiff is a sponsor of Defendant, or that Defendant is in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the goods and services of Defendant originate with the Plaintiff or are connected, conducted or offered with the approval, consent or authorization or under the supervision of Plaintiff or are likely in any way to lead the trade or the public to associate Defendant with Plaintiff;

(d) Using words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff or a likelihood of confusion with Plaintiff's name and the "PLEXUS" marks; and

(e) Using any trade practices whatsoever, including those complained of in this Complaint, which tend to unfairly compete with or injure Plaintiff's business and the goodwill associated with Plaintiff's business;

{00481677.DOC /}  9

7. That pursuant to 15 U.S.C. § 1118, the Court order that all products, labels, signs, prints, advertisements, brochures, letterhead, services, and all other items bearing the term "PLEXUS" or any similar combination of words, terms, names or symbols that are the subject matter of this action, and all means of making the same, be delivered to Plaintiff immediately for destruction;

8. That Defendant be required to pay Plaintiff damages for the injuries sustained by Plaintiff as a consequence of the acts complained of in this Complaint and order that Plaintiff recover its damages arising out of the violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125, and Wis. Stat. 100.18;

9. That Defendant be required to account and pay over to Plaintiff any and all revenues and/or profits derived by Defendant by providing services under "PLEXUS" and for all damages sustained by Plaintiff by reason of the acts of infringement, unfair competition, passing off, and false designation of origin;

10. That pursuant to 15. U.S.C. § 1117, Plaintiff be awarded treble damages for Defendant's willful and wanton violation of Plaintiff's rights;

11. That pursuant to 15 U.S.C. § 1117, Defendant be required to pay to Plaintiff all of its litigation expenses including reasonable attorneys' fees and costs for this action; and

12. That Plaintiff has such other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff demands that this matter be tried before a jury.

        Respectfully submitted,

        s/Michael T. Griggs
        Michael J. Gratz
        Michael T. Griggs
        BOYLE FREDRICKSON, S.C.
        840 N. Plankinton Avenue
        Milwaukee, Wisconsin 53203
        Telephone: (414) 225-9755
        Facsimile: (414) 225-9753
        mjg@boylefred.com
        mtg@boylefred.com

        ***ATTORNEYS FOR PLAINTIFF***
        ***PLEXUS CORP.***